## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHAD RINE, | ) | CASE NO: 5:17-CV-2654 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **Report & Recommendation** |
| | ) | **(Doc. No. 3)** |

Plaintiff, Chad Rine ("Plaintiff"), challenges the final decision of Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying his application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) & 423 ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2 for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. (Doc. No. 3.) For the reasons set forth below, it is recommended Plaintiff's IFP motion be DENIED.

## I.     Relevant Background

On December 20, 2017, Plaintiff, through counsel, filed a Complaint challenging the final decision of the Commissioner denying his application for social security disability benefits. (Doc. No. 1.) A motion to proceed IFP was filed the same day. (Doc. No. 3.)

In his Motion, Plaintiff reports his spouse's gross average monthly income over the past 12 months is $3,400 and that his spouse expects to receive the same amount in gross monthly income next month. (*Id.* at 1-2.) With regard to his and his spouse's assets, Plaintiff reports a

home worth $100,000; $3200 in a joint savings account; and an unidentified amount in a joint checking account that "varies."[1]  (*Id*. at 2.)

Plaintiff's monthly liabilities total $2,695.36 consisting of: mortgage payments ($659.68); utilities ($535.80); food ($600); medical and dental expenses ($65); transportation ($80); health insurance ($78.05); motor vehicle insurance ($219.40 every 3 months, or $73.13 per month); and credit card/loan payments ($603.70).  (*Id*. at 3-4.)  Plaintiff also reports as follows: "When looking at spouse's gross income, please consider that over $900/month is taken for taxes and health insurance resulting in need to rely on savings account to pay all bills each month, along with credit cards."  (*Id*. at 4.)

## II.     Law and Analysis

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The Sixth Circuit has recognized that "pauper status does not require absolute destitution."  *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)).  Rather, the relevant question is "whether the court costs can be paid without *undue* hardship."  *Id* (emphasis added).

In addition to considering an individual IFP applicant's monthly income, federal courts

---

[1]  In the section listing Plaintiff's assets, Plaintiff also states he leases a 2016 Jeep Patriot, for which he pays $312.70 per month. (*Id*. at 2, 4.)

have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, *1, n1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, *2 (E.D. Mich. Oct, 16, 2012); *Levet v. Comm'r of Soc. Sec.,* 2014 WL 3508893 at * 2 (N.D. Ohio July 15, 2014); *see also Reynolds v. Crawford*, 2009 WL 3908911, * 1 (S.D. Ohio Nov. 17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), aff'd, 788 F.2d 1 (2d Cir. 1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). The decision whether to permit a litigant to proceed IFP is within the Court's discretion. *Id*. *See also Ciavarella v. Comm'r of Soc. Sec*., 2013 WL 5354091 at * 1 (N.D. Ohio Sept. 24, 2013).

Here, Plaintiff's application reflects he and his spouse received an average gross income of $3,400 per month over the past twelve months and, further, that they expect to receive the same gross monthly income of $3,400 in the future. Thus, Plaintiff's average gross monthly income significantly exceeds his average monthly expenses of $2,695.36.

The Court acknowledges Plaintiff's statement that $900 is automatically deducted from his spouse's paycheck, leaving a net monthly income over the past twelve months of $2,500.00 and an expected net monthly income of $2,500 in the future. While this net monthly income is approximately $200 less than his monthly expenses, Plaintiff also reports assets including a

home valued at $100,000; $3200 in a joint savings account; and a variable, unidentified amount in a joint checking account.  In light of Plaintiff and his spouse's other assets, and in the absence of evidence or an explanation to the contrary, it does not appear the cost of filing would impose an undue hardship on Plaintiff.  Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Behmlander*, 2012 WL 5457466 at *2.[2]  Accordingly, it is recommended the Court find Plaintiff is not eligible to proceed IFP in this Court.

**III.     Conclusion**

For the foregoing reasons, it is recommended Plaintiff's Motion for Leave to Proceed IFP (Doc. No. 3) be DENIED.  It is further recommended that, if this Report & Recommendation is adopted, Plaintiff be ordered to pay the $400 filing fee within fourteen (14) days of the date of any such Order.


Date: December 21, 2017                                        s/ *Jonathan D. Greenberg*
                                                                              Jonathan D. Greenberg
                                                                              U.S. Magistrate Judge


**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of**

---

[2] Assuming they received $3,400 in average gross monthly income over the past 12 months, Plaintiff and his spouse had a yearly income of $40,800, which well exceeds the 2017 Poverty Guideline for a family of two, which is $16,240.  *See* http://aspe.hhs.gov/poverty-guidelines.  Although not the required standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is in poverty and, thus, likely unable to pay the filing fee.

this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).